Dear Secretary Blunt:
This letter is in response to your request for our review under Sections 116.332 and 116.334, RSMo Supp. 1985, for sufficiency as to form of an initiative petition relating to the amendment of various sections of Article X of the Constitution. We conclude that the petition must be rejected.
 I. Lack of Notice
Missouri Constitution, Article III, Section 50 requires an initiative petition proposing a constitutional amendment to include the full text of the measure so proposed. Judicial interpretation of this provision requires that notice be given to the voters of the existing constitutional provisions that may be amended or impliedly repealed if the proposed amendment is adopted. See, e.g., Buchanan v. Kirkpatrick,615 S.W.2d 6, 14-15 (Mo. banc 1981). The Notice reviewed inBuchanan can be found in 615 S.W.2d at 24. The enclosed initiative contains no such notice; however, for example, the definition of the term "total state revenues" in Section 17 of the enclosed petition would impliedly repeal the exemptions from the Hancock Amendment contained in Missouri Constitution, Article III, Section 39(b) (10) (pari-mutuel wagering revenues) and Missouri Constitution, Section 39(b)6 (Missouri State Lottery revenues).
 II. Erroneous Date
The enclosed initiative petition submits the proposed amendment to an election to be "held on the sixth day of November, 1984," and is therefore clearly incorrect.
 III. Lack of Title
The proposed amendment does not contain a title. We believe proposed amendments should contain titles which adequately inform the voters of the subject of the amendment.
 IV. More Than One Subject or Article — Logrolling
Missouri Constitution, Article III, Section 50 and Missouri Constitution, Article XII, Section 2(b) prohibit initiative petitions and constitutional amendments containing more than one amended and revised article of the constitution, or one new article which contains more than one subject and matters properly connected therewith.
The theory behind the "single subject" requirement of the Constitution "is that the people ought not to be required to vote on two or more separate propositions as one, so that they must either accept or reject both; also that such a course permits logrolling." Moore v. Brown, 350 Mo. 256, 267,165 S.W.2d 657, 662 (banc 1942). Doubleness in submissions at elections is considered a species of legal fraud upon the voters because it may compel the voter, in order to get what he most earnestly wants, to vote for something which he does not want. State ex rel. Board of Fund Commissioners v. Holman,296 S.W.2d 492, 487-488 (Mo. banc 1956).
In Barnes v. Bailey, No. 67631 (Mo. Sup. Ct. 2-19-86) (may be subject to motion for rehearing) and Payne v.Kirkpatrick, 685 S.W.2d 891, 905 (Mo.App. 1985) the courts concluded that the exemption from the Hancock Amendment found in Missouri Constitution, Article III, Section 39(b)(10) for pari-mutuel wagering tax revenues was a matter properly connected with the pari-mutuel wagering amendment.
In Buchanan v. Kirkpatrick, 615 S.W.2d 6, 13 n. 8 (Mo. banc 1981) and State ex rel. State Highway Commission v.Thompson, 323 Mo. 742, 751, 19 S.W.2d 642, 645 (banc 1929) the courts severed the offending "double" language and left the remainder of the amendment intact.
Clearly, the courts have applied different standards for review respecting the Constitution's single subject requirement. We are of the view that we are expected to apply the most conservative standard at this point of review under Section 116.334. Therefore, we conclude that the proposed amendment violates Section 2(b), Article XII, Missouri Constitution, because the subject matter thereof, while generally relating to taxation, includes diverse subjects both within Article X and elsewhere. It does not appear that all of the provisions to be amended are connected to a single controlling purpose.
Due to the limited amount of time allowed for this review under Section 116.334, RSMo Supp. 1985, please understand that this review is not exhaustive and that you and your staff may find other deficiencies in this petition, and other deficiencies may exist.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General